IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

DARLYN HARRIS MOORE and )
DARLYN HARRIS MOORE, as Mother )
and Next friend of B.J.H A MINOR, )
)   Cause No.
)
Plaintiffs, )
vs. )
)   JURY TRIAL DEMANDED
)
UNITED STATES OF AMERICA, d/b/a )
DEPARTMENT OF HEALTH AND HUMAN )
SERVICES d/b/a BETTY JEAN KERR PEOPLE'S )
HEALTH CENTERS, )
**Service: Alex M. Azar, II, Director** )
**U.S. Department of Health & Human Services** )
**200 Independence Avenue, S.W.** )
**Washington D.C., 20201** )
)
and )
)
SSM HEALTH CARE ST. LOUIS d/b/a )
SSM HEALTH ST. MARY'S )
ST. LOUIS HOSPITAL, )
**Service: CT Corporation System** )
**120 South Central Avenue** )
**Clayton, MO 63105** )
)
and )
)
GENIE PIERSON, M.D. )
**Service: BJK People Health Center** )
**11642 West Florissant** )
**Florissant, MO 63303** )

## COMPLAINT

COMES NOW Plaintiffs Darlyn Harris Moore and Darlyn Harris Moore, as mother and Next Friend of BJH, a minor (hereinafter known as "Plaintiffs"), by and through their undersigned counsel, and for their cause of action against Defendants state as follows:

## I.  INTRODUCTION

1. This is an action against the Defendants United States of America and Genie Pierson, M.D., under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with the medical care provided to Plaintiffs.  The claims are asserted against the United States, Department of Health and Human Services, acting through the Betty J Kerr People's Health Center, . (hereinafter "BJK"), and Genie Pierson, M.D (hereinafter "Pierson") and against Defendant SSM Health Care St. Louis d/b/a SSM Health St. Mary's St. Louis Hospital (hereinafter "SSM") pursuant to the laws of the State of Missouri.

2. The the claims herein are brought against the Defendant BJK  and Genie Pierson, M.D. pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendants' negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4. This suit has been timely filed, in that Plaintiffs timely served notice of their claim on the United States and  the United States Department of Justice less than two  years after the incident forming the basis of this suit.

5. Plaintiffs received their notice of denial from the Department of Health and Human Services, the United States Department of Justice on  April 25, 2019 *Exhibit 2* and therefore, pursuant to 28 U.S.C. §2401(b) this Honorable Court now has jurisdiction over

Plaintiff's claims against the Department of Health and Human Services, BJK and the United States of America.

6. At all times mentioned herein, Defendant Genie Pierson, M.D. was acting in the scope and course of her employment, as an agent and employee of, the United States Department of Health and Human Services, acting through the Betty J. Kerr People Health Center.

7. Defendant SSM is, and at all times relevant hereto was, a not-for-profit Missouri corporation existing by and under the laws of the State of Missouri with its principal place of business in St. Louis County, and held itself out as a professional health care provider with specialized expertise in all aspects of medical, hospital, emergency and nursing care, offering health services to the general public for consideration.

8. All times relevant hereto Defendant SSM acted by and through its agents, apparent agents, servants and employees, including but not limited to physicians, nurses and technicians, including Rebecca Rimsza, M.D. and all of whom were acting within the scope and course of their employment.

9. This Court has jurisdiction over the parties because certain claims herein arise under 28 U.S.C. §1346(b)(1).

10.. That venue is proper in this Court pursuant to §28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Missouri.

11. Venue is also proper in that Plaintiffs were first injured in St. Louis County, Missouri.

12 That on or about July 12, 2017 Plaintiff, Darlyn Harris was admitted as a patient of Defendant Pierson to St. Mary's Health Center for the birth of her child.

13. Defendant Pierson and employees of Defendant SSM Health, including Dr. Rimsza acting collectively, delivered Plaintiff BJH on July 14, 2017.

14. That Defendant Pierson and employees of Defendant SSM Health, including Dr. Rimsza and their agents, servants, and employees, including procedure room personnel in or about Plaintiff's procedure room at or near the time of the aforesaid procedure, were negligent in failing to exercise that degree of skill and learning ordinarily used under the same or similar circumstances in rendering Plaintiff Darlyn Harris medical care and treatment including, but not limited to:

   a) failing to recognize persistent fetal hypoxia

   b) faliing to perform a C-section in response to the persistent fetal hypoxia;

15. Plaintiff's further state that Defendants, and Defendants' agents, servants, and employees' aforesaid negligence and unskillfulness either directly caused or directly contributed to cause Plaintiff Darlyn Harris to suffer injury and incur damages due to the injuries suffered by her son Plaintiff BJH including but not limited to anxiety, emotional distress, loss of enjoyment of life, loss of services, past and future medical and life care expenses that will necessarily be incurred by her for BJH's future treatment.

16. Plaintiffs further state that Defendants, and Defendants' agents, servants, and employees' aforesaid negligence and unskillfulness either directly caused or directly contributed to cause Plaintiff BJH to suffer serious and permanent personal injuries including but not limited to, permanent brain damage, blindness, loss of hearing, emotional distress, and loss of enjoyment of life, past medical bills and expenses, and expenses he will also incur in the future for necessary medical and life care.

17. That Plaintiff BJH has suffered a future loss of income due to his disabilities caused by Defendants' negligence as heretofore set out.

WHEREFORE, Plaintiffs state that they have been damaged for which damage they pray judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($25,000.00), together with their costs on their behalf expended.

Respectfully Submitted,

FINNEY LAW OFFICE, LLC

/s/ Daniel P. Finney, Jr., #26389
225 S. Meramec
Suite 1200
Clayton, MO 63105
(314) 646-0300
(314) 646-0303 Fax
dan@finneylawoffice.com
Attorney for Plaintiffs