UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARLYN HARRIS MOORE, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No.   4:19CV01956RWS |
| ) | |
| UNITED STATES OF AMERICA[1], et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNITED STATES OF AMERICA'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant, United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri and Nicholas P. Llewellyn, Assistant United States Attorney for said District, and for its Answer to Plaintiffs' Complaint states as follows:

1. The allegations of paragraph 1 of Plaintiffs' Complaint contain a jurisdictional averment to which no response is required. Defendant United States admits that tort claims against the United States are brought under the Federal Tort Claims Act ("FTCA").   Defendant avers that the United States is the only proper party defendant in cases brought under the FTCA.

2. The allegations of paragraph 2 of Plaintiffs' Complaint contain a jurisdictional averment to which no response is required.

3. Defendant United States admits the allegations of paragraph 3 of Plaintiffs' Complaint.

4. The allegations of paragraph 4 of Plaintiff's Complaint contain a jurisdictional averment to which no response is required.

---

[1] Genie Pierson, M.D. has not yet been served with a summons and Complaint.   Once service is achieved, Defendant United States may move to dismiss Dr. Pierson and substitute the United States under the FTCA.

5. Defendant United States admits that the administrative claims of Darlyn Harris Moore were denied on April 25, 2019. The remaining allegations of paragraph 5 of Plaintiffs' Complaint contain a jurisdictional statement, to which no response is required.

6. Defendant United States believes that Genie Pierson, M.D. was acting in the scope of her employment at all times relevant to this Complaint. Defendant United States affirmatively denies that there are any proper individual defendants named in this Complaint. Defendant United States avers that the only proper defendant is the United States.

7. Defendant United States does not have knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore denies same.

8. Defendant United States does not have knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint and therefore denies same.

9. The allegations of paragraph 9 of Plaintiffs' Complaint contain a jurisdictional averment to which no response is required. Defendant United States admits that tort claims against the United States are brought under the Federal Tort Claims Act.

10. The allegations of paragraph 10 of Plaintiffs' Complaint contain a venue averment to which no response is required.

11. The allegations of paragraph 11 of Plaintiffs' Complaint contain a venue averment to which no response is required.

12. Defendant United States admits the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant United States admits the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant United States denies the allegations contained in paragraph 14 of Plaintiffs' Complaint, including subparagraphs a and b, and demands strict proof thereof.

15. Defendant United States denies the allegations contained in paragraph 15 of Plaintiffs' Complaint, and demands strict proof thereof.

16. Defendant United States denies the allegations contained in paragraph 16 of Plaintiffs' Complaint, and demands strict proof thereof.

17. Defendant United States denies the allegations contained in paragraph 17 of Plaintiffs' Complaint, and demands strict proof thereof.

The final, unnumbered paragraph of Plaintiffs' Complaint contains a prayer for relief and as such requires no response.   Insofar as a response is required, it is denied.   Defendant avers that Plaintiffs are not entitled to costs.   Defendant further avers that Plaintiffs are not entitled to any alleged damages in excess of the jurisdictional limits of this Court.

## **AFFIRMATIVE DEFENSES**

By way of affirmative defenses, Defendant United States states as follows:

1. All allegations of Plaintiffs' Complaint not expressly admitted above are hereby denied.

2. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

3. Under Missouri Revised Statutes Section 538.210 and 538.215, as amended, Plaintiffs' recovery for non economic damages, in the event that liability of the Defendant United States is established, is limited to such amount as is called for by said statutes.

4.     Defendant United States affirmatively states Plaintiffs cannot show a causal connection between any act and/or omission by Defendant United States' agents or employees, including but not limited to medical personnel, and the injuries and/or damages alleged by Plaintiffs.

5.     In the event Defendant United States is held liable to respond in damages to Plaintiffs, Defendant United States prays for a determination and an apportionment of the negligence of all the parties, including those which may be joined as well as other persons and/or entities who are not parties at the time this cause is submitted to a trier of fact, but who may have entered into a release, covenant not to sue or similar agreement with the Plaintiffs for a claim arising out of the alleged negligence which is the basis for the Plaintiffs' cause of action, and for an appropriate reduction of this Defendant United States' responsibility for the payment of damages that may be awarded to Plaintiffs; and in the event that Defendant United States is held jointly liable with other parties,  Defendant United States prays that a determination be made of the relative distribution of fault with an apportionment of responsibility for the payment of any damages that may be awarded to Plaintiffs and a determination of the right of contribution and indemnity between Defendant United States and any other party at the time of submission of this case as well as with other persons and/or entities who previously entered into a release, covenant not to sue or similar agreement with Plaintiffs for a claim arising out of the alleged transaction which forms the basis of Plaintiffs' cause of action.

6.     Plaintiffs bring this matter under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, with jurisdiction conferred at 28 U.S.C. § 1346(b).  Pursuant to 28 U.S.C. § 2402, "any action against the United States under § 1346 shall be tried by the court without a jury. Plaintiffs are not entitled to a trial by jury under the Federal Tort Claims Act.

7. To the extent that Plaintiffs' Complaint implies a demand for punitive damages, attorney's fees, and costs, they should be dismissed. Punitive damages are specifically precluded by the Federal Tort Claims Act, 28 U.S.C. §2674. Attorney's fees can only be awarded where Congress has waived the sovereign immunity of the United States to such claims. The FTCA provides that recovery of attorney's fees in FTCA cases is to be by a contingency fee arrangement totaling no more than 25% of the total award; not by payment of attorney's fees and expenses by the United States. These damage claims cannot stand.

8. Plaintiffs are not entitled to pre-judgment interest.   28 U.S.C. § 2674.

9. Plaintiffs are limited to the amount of damages set forth in their administrative tort claim.   28 U.S.C. § 2675(b).

10. Plaintiffs have not filed an affidavit stating they have obtained the written opinion of a legally qualified health care provider as required by Missouri Revised Statutes § 538.225.

11. Defendant United States asserts that it has, or may have, additional affirmative defenses which are not known to Defendant United States at this time, but which may be ascertained through discovery.  Defendant United States specifically preserves these and other affirmative defenses as they are ascertained through discovery.

WHEREFORE, having fully answered, Defendant United States prays that Plaintiffs' Complaint be dismissed.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*S/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN     #43839
Assistant United States Attorney
Chief, Civil Division
Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street,    20th Floor
St. Louis, MO 63102
(314)539-7637
Fax: (314)539-2287
Email: nicholas.llewellyn@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Daniel P. Finney
dan@finneylawoffice.com

*s/ Nicholas P. Llewellyn*
NICHOLAS P. LLEWELLYN